# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KHALID AHMED QASSIM, )
)
      Petitioner, )
)
v. )   Civil Case No. 04-1194 (RJL)
)
JOSEPH R. BIDEN, JR., et al., )
)
      Respondents. )

## MEMORANDUM ORDER
(September 27, 2023) [Dkt. ## 1162, 1187]

Petitioner Khalid Ahmed Qassim is in the custody of the United States at Naval Station Guantanamo Bay. Pet. for Writ of Habeas Corpus [Dkt. #1] ¶¶ 9, 12. He filed a petition for a writ of habeas corpus, the merits of which was decided on a stipulated record. Tr. of Merits Hr'g [Dkt. #1143-1] at 3. In advance of oral argument on the stipulated record, Qassim filed a motion in limine to prohibit evidence the consideration of which would violate his due process rights. Pet'r's Mot. in Limine [Dkt. #1124]. The Court denied the motion, relying in part on our Circuit's observation in *Kiyemba v. Obama* that "the due process clause does not apply to aliens without property or presence in the sovereign territory of the United States." 555 F.3d 1022, 1026 (D.C. Cir. 2009), *reinstated as amended*, 605 F.3d 1046 (D.C. Cir. 2010) (per curiam); Tr. of Merits Hr'g at 18–19. It then denied Qassim's petition. Tr. of Merits Hr'g at 23; *see also* Judgment [Dkt. #1139].

On appeal, Qassim raised a due process challenge, specifically with respect to the Government's use of undisclosed classified information to show a basis for his detention. *Qassim v. Trump*, 927 F.3d 522, 524 (D.C. Cir. 2019). Our Circuit Court reversed and

remanded. *Id.* at 532. It held that this Court erred in reading *Kiyemba* as categorically denying procedural due process rights to Guantanamo detainees. *Id.* at 528. It then remanded for further proceedings, because the parties never actually followed any of the disclosure procedures in the Case Management Order or the Protective Order governing in the case, leaving our Circuit without a concrete discovery dispute to review for its potential due process implications. *Id.* at 530–32.

On remand, Qassim moved to modify certain provisions of the coordinated Guantanamo detainee Case Management Order as applied to his case. Pet'r's Mot. to Modify Case Mgmt. Order [Dkt. #1162]. After a status conference on the motion, the Government filed a Second Amended Factual Return. *See* Resp'ts' Notice of Filing [Dkt. #1182]. Qassim then moved to remove redactions to portions of the Second Amended Factual Return and one exhibit. Pet'r's Mot. to Un-redact [Dkt. #1187].

The Court is not in a position to grant either motion at this point. As to the motion to modify provisions of the Case Management Order, Qassim did not comply with his obligation to confer with the Government before filing his motion, *see* LCvR 7(m), and the Government has expressed its willingness to confer and jointly propose a schedule and procedures for this case, Resp'ts' Opp'n to Pet'r's Mot. to Modify Case Mgmt. Order [Dkt. #1166] at 2–3, 3 n.2. The parties should do so, particularly because Qassim's motion is four years old—that is, it would be helpful to hear the parties' latest thinking on how to proceed.

As to the motion to remove redactions from the Government's Second Amended Factual Return and one exhibit, the Government sent a proposed plan to Qassim's attorneys

that would allow Qassim to view the redacted information and to discuss it with his attorneys. *See* Resp'ts' Mot. for Extension of Time [Dkt. #1188]. Since then, the parties have not indicated any progress in adopting that proposal. For all I know, Qassim may have already viewed the redacted information. Because it would be helpful to hear the latest from the parties on this motion too, it is hereby

**ORDERED** that Qassim's Motion to Modify Section I of the Case Management Order as It Pertains to Petitioner's Case [Dkt. #1162] is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that Qassim's Motion to Un-redact [Dkt. #1187] is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that, within sixty days of the issuance of this Memorandum Order, the parties shall meet and confer regarding any modifications to the Case Management Order as applied to Qassim's case and shall file a joint memorandum setting forth any disputed or joint proposals to modify the Case Management Order and the parties' respective positions on disputed proposals. It is further

**ORDERED** that the parties shall include, in the same joint memorandum, an update on the parties' efforts to allow Qassim to review information redacted from the Second Amended Factual Return and Exhibit 8 thereto.

    **SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge